# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HEATH VINCENT FULKERSON,

    Plaintiff

v.

U.S. DEPARTMENT OF JUSTICE, et. al.,

    Defendants

Case No.: 3:20-cv-00425-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP). (ECF No. 1.) He apparently filed this action first in the Northern District of California, and it was dismissed for improper venue. Plaintiff includes the amended complaint that he filed there that was dismissed. (ECF No. 1-2). The court will construe this as the operative complaint in this action.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

1    The Local Rules of Practice for the District of Nevada provide: "Any person who is

2 unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

3 The application must be made on the form provided by the court and must include a financial

4 affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

5    "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

6 particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

7 (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

8 benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

9    A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

10 therefore, the application should be granted.

## II. SCREENING

12 **A. Standard**

13    "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

14 allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

15 to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

16 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

17    Dismissal of a complaint for failure to state a claim upon which relief may be granted is

18 provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

19 tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

20 court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

21 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

22 state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

23 Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

1 Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

2 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3       The court must accept as true the allegations, construe the pleadings in the light most

4 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

5 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

6 stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

7 (1980) (internal quotation marks and citation omitted).

8       A complaint must contain more than a "formulaic recitation of the elements of a cause of

9 action," it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

11 must contain something more … than … a statement of facts that merely creates a suspicion [of]

12 a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

13 plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

14 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15      A dismissal should not be without leave to amend unless it is clear from the face of the

16 complaint that the action is frivolous and could not be amended to state a federal claim, or the

17 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

18 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19 **B. Plaintiff's Complaint**

20      Plaintiff states that the defendants are the U.S. Department of Justice, the U.S.

21 Department of Defense, the Federal Aviation Administration, and the Federal Communications

22 Commission.

23

1    Plaintiff alleges that on May 25, 2016, he started experiencing numerous events and

2  noticed weird things including his house being burglarized while his wife and children were

3  asleep; things had been vandalized; there was theft and damage to personal property. He says

4  these were reported to the local sheriff's department and to the homeowner's insurance company

5  and automobile insurance company. He says that someone linked the insurance claims to a

6  sophisticated fraud group involving third party call centers which redirected phone calls to

7  duplicated phone systems and websites. He avers that these events started getting worse in

8  January or February of 2017, and he tried to contact the FBI.

9    He goes on to allege that several times he woke up with needle marks in his forearm, legs

10  and buttocks, but claims he has never used drugs or needles. He claims the needles were filled

11  with a solution used to attract a sound guidance system. He asserts someone has been mimicking

12  a sort of brain monitoring interface system using a portable EEG program that has linked to his

13  brain and has a sound or voice associated with it.

14    Plaintiff also contends he has noticed interference through his Apple Bluetooth

15  headphones that are connected to his iPhone, including military chatter, pilots performing

16  exercises, tank simulation programs and other military exercises or activities. He believes that

17  the National Guard has linked him to the counterdrug task force to monitor him. He also claims

18  that his vehicles have been illegally marked so that Nasa can illegally monitor him and his

19  family, and that there are illegal orders for wiretaps through the U.S. Justice Department.

20    As the Supreme Court has noted, "a litigant whose filing fees and court costs are

21  assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

22  frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To

23  prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal

1  courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the

2  action is frivolous or malicious.'" *Id*. "Dismissals on these grounds are often made *sua sponte* prior

3  to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

4  answering such complaints." *Id*. (citation omitted). A complaint is frivolous "where it lacks an

5  arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable legal

6  conclusion, but also the fanciful factual allegation." *Id*. Section 1915(e)(2)(B)(i) "accords judges

7  not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also

8  the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

9  whose factual contentions are clearly baseless." *Id*. at 327. This includes "claims of infringement

10 of a legal interest which clearly does not exist" and "claims describing fantastic or delusional

11 scenarios." *Id*. at 327-28.

12      Plaintiff's complaint describes a "fantastic or delusional scenario," and as such, it is

13 recommended that this action be dismissed with prejudice.

14                         **III. RECOMMENDATION**

15      IT IS HEREBY RECOMMENDED that the District Judge enter an order:

16      (1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to

17      maintain this action without prepaying the filing fee or giving security therefor. This

18      order granting IFP status does not extend to the issuance of subpoenas at government

19      expense.

20      (2) The complaint (ECF No. 1-2) should be **FILED.**

21      (3) The action should be **DISMISSED WITH PREJUDICE** for failing to state a claim

22      upon which relief may be granted and as frivolous.

23      The Plaintiff should be aware of the following:

5

1    1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

2  this Report and Recommendation within fourteen days of being served with a copy of the Report

3  and Recommendation. These objections should be titled "Objections to Magistrate Judge's

4  Report and Recommendation" and should be accompanied by points and authorities for

5  consideration by the district judge.

6    2. That this Report and Recommendation is not an appealable order and that any notice of

7  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

8  until entry of judgment by the district court.

9

10  Dated: August 18, 2020

11    _William G. Cobb_

      William G. Cobb
12    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23